```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
ALVIN PETERSON,                     :
                                    :
                    Petitioner,     :   06 Civ. 3369 (WHP) (FM)
                                    :
        -against-                   :   MEMORANDUM & ORDER
                                    :
STATE OF NEW YORK,                  :
                                    :
                    Respondent.     :
                                    :
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

  Pro se Petitioner Alvin Peterson filed this petition for a writ of habeas corpus (the "Petition"), challenging his conviction, in New York Supreme Court, New York County. On November 21, 2008 Magistrate Judge Frank Maas issued a Report and Recommendation (the "Report") recommending that this Court deny the Petition. Peterson filed objections to the Report. For the following reasons, this Court adopts the well-reasoned Report.

## BACKGROUND

  On April 7, 2000, a jury found Peterson guilty of criminal possession of a controlled substance in the third degree and the fifth degree, and two counts of criminal sale of a controlled substance in the third degree. (Report at 6.) The court sentenced Peterson to 6 to 12 years for the criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree charges, and 2 to 4 years for the criminal possession of a controlled substance in the fifth degree charge. The sentences are concurrent.

On July 11, 1999, Peterson was arrested for selling crack-cocaine to an undercover police officer. (Report at 2.) Peterson's attorney, Eric Scott, Esq. ("Scott") filed a notice that Peterson intended to testify at the grand jury hearing on July 23, 1999. (Report at 2.) That morning, Scott met with Peterson to discuss the case and concluded that Peterson was behaving oddly. (Report at 2-3.) According to Scott, Peterson did not "seem to understand the nature of the offense that was pending against him," mentioned he felt "claustrophobic," laughed when asked questions and alleged that Scott was conspiring with the prosecution. (Report at 2-3.) Scott requested that the court order an examination of Peterson pursuant to N.Y. Crim. Proc. Law § 730.[1] (Report at 3.) The court granted Scott's request and adjourned the case for thirty days, but permitted the prosecutor to seek an indictment against Peterson pursuant to a statute that allows the prosecution to proceed with a grand jury presentation without the defendant's testimony.[2] See People v. Peterson, 784 N.Y.S.2d 29, 30 (1st Dep't 2004). (Report at 3.)

The grand jury indicted Peterson shortly after he was examined by two qualified psychiatrists who concluded he was competent to stand trial. Peterson moved to dismiss the indictment on the ground that he was not afforded reasonable opportunity to testify before the grand jury. The motion was denied. (Report at 4.)

---

[1] N.Y. Crim. Proc. Law § 730.30(1) reads in relevant part: "[A]t any time after a defendant is arraigned upon a felony complaint and before he is held for the action of the grand jury, the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person."

[2] N.Y. Crim. Proc. Law § 730.40(3) provides: "When a local criminal court has issued an order of examination or a temporary order of observation, and when the charge or charges contained in the accusatory instrument are subsequently presented to a grand jury, such grand jury need not hear the defendant pursuant to section 190.50 unless, upon application by defendant to the superior court that impaneled such grand jury, the superior court determines that the defendant is not an incapacitated person."

2

After Norman Williams, Jr., Esq. ("Williams") replaced Scott as Peterson's attorney, Peterson renewed his motion to dismiss the indictment on the grounds that he was not afforded the opportunity to testify before the grand jury. Peterson also argued that the indictment should be dismissed because Scott provided ineffective assistance of counsel when he requested a competency evaluation on the same day as the scheduled grand jury appearance. (Report at 4.) The court denied the renewed motion. (Report at 4.) Prior to trial, Peterson discharged Williams and a third attorney was assigned to represent him. (Report at 4.)

On direct appeal, Peterson argued, inter alia, that N.Y. Crim. Proc. Law § 730.40(3) denied him his federal and state constitutional rights when it overrode his statutory right to testify before the grand jury. (Report at 7.) The Appellate Division, First Department, affirmed Peterson's conviction, People v. Peterson, 784 N.Y.S.2d at 29, but refused to review his § 730.40(3) claim because it was not properly preserved. The Appellate Division noted without further discussion that "[w]ere [they] to review this claim, [they] would reject it." Peterson, 784 N.Y.S.2d. at 30. The Court of Appeals denied Peterson's application for leave to appeal. People v. Peterson, 4 N.Y.3d 766 (2005).

## DISCUSSION

I. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made, and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). An application for a writ of habeas corpus will not be granted with respect to

any of petitioner's claim adjudicated on the merits unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court has before it." Holland v. Jackson, 542 U.S. 649, 652 (2004).

Peterson raises five objections to the Report: (1) his indictment should be dismissed because he was not afforded the opportunity to testify before the grand jury; (2) he received ineffective assistance of counsel; (3) counsel operated under an actual conflict of interest; (4) CPL § 730.40(3) violates the due process and equal protection clauses of the United States Constitution; and (5) the sentence imposed was excessive.

## II. Right to Testify at Grand Jury

The Fifth Amendment right to a grand jury proceeding does not apply to the states. See, e.g., Alexander v. Louisiana, 405 U.S. 625, 633 (1972). Consequently, errors alleged to occur at state grand jury hearings are not reviewable by federal habeas courts. See Alexander v. Louisiana, 405 U.S. at 633; Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990) (Fifth Amendment right to indictment by a grand jury is not incorporated by the Due Process Clause of the Fourteenth Amendment and does not apply to the states); Dunn v. Sears, 561 F. Supp. 2d 444, 453 (S.D.N.Y. 2008) ("Federal courts have consistently held that the right to appear before the grand jury is not reviewable by a federal habeas court.").

Accordingly, this Court declines to review Peterson's state grand jury claim in this habeas proceeding.

4

III. Ineffective Assistance of Counsel

    A. Reasonableness of Counsel's Decision

"To allege a successful ineffective assistance of counsel claim a defendant must show that: (1) counsel's performance was unreasonably deficient under prevailing professional standards, and, (2) but for counsel's unprofessional errors, there exists a reasonable probability that the result would have been different." United States v. Torres, 129 F.3d 710, 716 (2d Cir. 1997) (citing Strickland v. Washington, 466 U.S. 688 (1984)). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Parisi v. United States, 529 F. 3d 134, 141 (2d Cir. 2008); see also Strickland, 466 U.S. at 690. "Self-serving conclusory allegations . . . are insufficient to establish ineffective assistance of counsel." United States v. Viertel, No. 08 Civ. 7512 (JGK), 2009 WL 22863, at *8 (S.D.N.Y. Jan. 5, 2009) (citing United States v. Torres, 129 F.3d 710, 715-17 (2d Cir. 1997)).

Peterson argues that Scott's recommendation that he undergo a psychiatric evaluation instead of testifying before the grand jury was unreasonable. In view of counsel's concerns over Peterson's competence, Scott's recommendation that Peterson undergo a psychiatric evaluation rather than testify before the grand jury did not fall "below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

    B. Conflict Of Interest

The Sixth Amendment provides "that there is a correlative right to representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271 (1981). To establish a conflict of interest a petitioner must "demonstrat[e] that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" Strickland, 466 U.S. at 692 (quoting Cuyler v. Sullivan, 446 U.S. 335, 350

5

(1984)). "Actual conflicts 'occur[ ] when the interests of a defendant and his attorney diverge with respect to a material factual or legal issue or to a course of action.'" Ventry v. United States, 539 F.3d 102, 111 (2d Cir. 2008) (quoting United States v. Williams, 372 F.3d 96, 102 (2d Cir. 2004)). "Once an actual conflict is established, a defendant 'need not prove prejudice, but simply that a lapse in representation resulted from the conflict.'" United States v. Williams, 372 F.3d 96, 105 (2d Cir. 2004) (quoting United States v. Malpiedi, 62 F.3d 465, 469 (2d Cir. 1995)).

Peterson contends that once Scott recommended a psychiatric evaluation, Scott's representation of Peterson was conflicted by his own desire to defend against an ineffective assistance claim. However, Scott filed a motion to dismiss the indictment after concluding that a psychiatric evaluation of Peterson was warranted. Moreover, after Peterson discharged Scott and obtained new counsel, his new counsel renewed the motion to dismiss. Since both Scott and Williams vigorously advocated for dismissal of the indictment, Peterson has failed to show any divergence of interests between him and his attorneys. See Ventry, 539 F.3d at 111. Accordingly, Peterson fails to allege a claim based on ineffective assistance of counsel.

IV. Constitutionality of N.Y. Crim. Proc. Law § 730.40(3)

Peterson argues that N.Y. Crim. Proc. Law § 730.40(3) violates his rights to due process and equal protection. On direct appeal, the Appellate Division refused to review this claim because it was not properly preserved.

"Where a state court's decision rests on an independent and adequate state procedural bar, federal habeas courts may not review the judgment unless the petitioner shows both cause and prejudice for the default or a fundamental miscarriage of justice." Morrison v.

Ercole, No. 07 Civ. 3576 (PKC), 2009 WL 161040, at *4 (S.D.N.Y. Jan. 16, 2009) (citing Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citation omitted)). "To determine whether a state procedural bar is 'adequate to support the judgment,' [ ] a federal habeas court should look to whether 'the state rule at issue . . . is firmly established and regularly followed.'" Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The state procedural bar at issue is New York State's contemporaneous objection rule, N.Y. Crim. Proc. Law § 470.05(2), which "is a firmly established and regularly followed New York procedural rule." Garvey v. Duncan, 485 F.3d 709, 718 (2d Cir. 2007).

Cause for default can be established if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). These factors include "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by state officials' made compliance impracticable, . . . [or that] the procedural default is the result of ineffective assistance of counsel." Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (quoting Murray, 477 U.S. at 488).

Peterson does not argue that external factors precluded his ability to raise this claim on direct appeal. Peterson's ineffective assistance claim relates only to Smith's decision to recommend a psychiatric evaluation on the day of the grand jury hearing. Smith was displaced by Williams prior to Peterson's trial. Accordingly, Peterson fails to show cause for the default.

Peterson also fails to demonstrate "a fundamental miscarriage of justice," Coleman, 501 U.S. at 750, "which means that the 'constitutional violation has probably resulted in the conviction of one who is actually innocent,'" Reyes v. Keane, 118 F.3d 136, 138 (2d Cir. 1997) (quoting Murray, 477 U.S. at 496). "Actual innocence requires 'not legal innocence but

7

factual innocence.'" Murden v. Artuz, 497 F.3d 178, 194 (2d Cir. 2007) (quoting Doe v. Menefee, 391 F.3d 147, 162 (2d Cir. 2004)). Peterson does not contend he is actually innocent. Accordingly, Peterson's contention that N.Y. Crim. Proc. Law § 730.40(3) is unconstitutional is procedurally barred, and this Court declines to review it.

V. Excessive Sentence

      If a sentence falls within the range prescribed by state law "no federal constitutional issue is presented." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). As a second felony offender, Peterson faced a maximum of 9 to 25 years for each count of criminal possession in the third degree and the two counts of criminal sale of a controlled substance in the third Degree. N.Y. Penal Law § 70.06. The statutory maximum for criminal possession of a controlled substance in the fifth degree for a second felony offender is 4 to 7 years. N.Y. Penal Law § 70.06. Peterson's sentence falls within the statutory range, and thus raises no federal constitutional injury.

      This Court has reviewed the remainder of the Report and finds it is not facially erroneous and affirms and adopts it.

## CONCLUSION

For the foregoing reasons, this Court adopts the Report and Recommendation of Magistrate Judge Frank Maas. Peterson's petition for a writ of habeas corpus is denied. Because Peterson has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1951(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of the Court is directed to terminate all motions pending as of this date and mark the case closed.

Dated: April 7, 2009
   New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copy mailed to*:

The Hon. Frank Maas
United States Magistrate Judge

Mr. Alvin Peterson
349-08-16531
AMKC C-95
18-18 Hazen Street
East Elmhurst, NY 10370
*Petitioner* Pro Se

Leilani Rodriguez, Esq.
Assistant Attorney General
District Attorney's Office, Manhattan
120 Broadway, New York, NY 10271
*Counsel for Respondent*